

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD
F. #2020R00632

*610 Federal Plaza*
*Central Islip, New York 11722*

April 19, 2024

<u>By Email and ECF</u>
The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

The Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
910 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Henriquez, <u>et al</u>.
                <u>Criminal Docket No.: 20-577 (JMA)</u>

Dear Judge Azrack and Judge Tiscione:

        On December 16, 2020, a grand jury sitting in the Eastern District of New York returned the above-captioned indictment (the "Indictment"), charging the defendant FREDY IVAN JANDRES-PARADA, also known as "Lucky de Park View" ("JANDRES-PARADA"), and 13 other high-ranking leaders of La Mara Salvatrucha, also known as the "MS-13," with: (1) Conspiracy to Provide or Conceal Material Support to Terrorists, in violation of 18 U.S.C. § 2339A; (2) Conspiracy to Commit Acts of Terrorism Transcending National Boundaries, in violation of 18 U.S.C. § 2332b; (3) Conspiracy to Finance Terrorism, in violation of 18 U.S.C. § 2339C; and (4) Narco-Terrorism Conspiracy, in violation of 21 U.S.C. § 960a. An arrest warrant was issued for JANDRES-PARADA that same day, but he was a fugitive for more than three years. On March 7, 2024, JANDRES-PARADA was arrested by members of the Federal Bureau of Investigation (FBI) and Homeland Security Investigations (HSI) at the San Ysidro Port of Entry between Tijuana, Mexico and San Diego, California. The next day, JANDRES-PARADA had an initial appearance in the Southern District of California, and subsequently he was ordered to be removed in custody to the Eastern District of New York.

        As set forth more fully below, JANDRES-PARADA is one of the world's high-ranking leaders of MS-13, who presents a significant danger to the community and substantial risk of flight. The government respectfully submits that a permanent order of detention should be

entered for JANDRES-PARADA and he should be removed to the Eastern District of New York in custody.

I.    **Background**

As set forth in the indictment, which was unsealed on January 14, 2021, and related court filings, JANDRES-PARADA and his co-defendants are part of MS-13's command and control structure, consisting of the *Ranfla Nacional*, *Ranfla en Las Calles*, and *Ranfla en Los Penales*.[1] They play significant leadership roles in the organization's operations in El Salvador, Mexico, the United States, and throughout the world. In total, 27 of the highest-ranking leaders of MS-13 have been charged in the Eastern District of New York in this indictment and the related indictment of United States v. Arevalo-Chavez, et al.

As further alleged, in approximately 2002, JANDRES-PARADA, his co-defendants, and other MS-13 leaders began establishing a highly-organized, hierarchical command and control structure as a means to effectuate their decisions and enforce their orders, even while in prison. They directed acts of violence and murder in El Salvador, the United States, and elsewhere, established military-style training camps for its members and obtained military weapons such as rifles, handguns, grenades, improvised explosive devices (IEDs) and rocket launchers. Further, JANDRES-PARADA and other members of the *Ranfla Nacional* negotiated with officials from the government of El Salvador (GOES) and obtained benefits and concessions from the GOES. In order to extract those benefits and concessions from GOES, MS-13 engaged in public displays of violence to threaten and intimidate civilian populations, targeted GOES law enforcement and military officials, and manipulated the electoral process in El Salvador.

Additionally, as alleged, the *Ranfla Nacional* directed the expansion of MS-13 activities around the world, including the United States and Mexico, where JANDRES-PARADA and several other high-ranking leaders were sent to organize operations, make connections to obtain narcotics and firearms from Mexican drug cartels such as the Zetas, Gulf Cartel, Cártel de Jalisco Nueva Generación (CJNG) and Sinaloa Cartel, and engage in human trafficking and smuggling. The *Ranfla Nacional* also directed MS-13's large membership in the United States to engage in criminal activities, such as drug trafficking and extortion to raise money to support MS-13's terrorist activities in El Salvador and elsewhere.

Finally, the *Ranfla Nacional* and MS-13's transnational leadership structure is alleged to have directed members in the United States to commit acts of violence, including murders, to further its goals and implemented rules that enabled MS-13 to entrench itself in parts

---

[1] One of JANDRES-PARADA's co-defendants, Elmer Canales-Rivera, previously was arrested and is pending trial in the Eastern District of New York. A second co-defendant, Cesar Humberto Lopez-Larios, also known as "El Grenas de Stoners" and "Oso de Stoners," is still a fugitive. The United States requested the extradition of 11 other co-defendants, including Borromeo Enrique Henriquez, also known as "Diablito de Hollywood," who is widely recognized as the most powerful member of the *Ranfla Nacional*, in 2021 and 2022. To date, the government of El Salvador has not granted any of those extradition requests.

of the United States, including within the EDNY where, under the defendants' leadership and rules, MS-13 has committed numerous acts of violence—including murders, attempted murders, assaults, kidnappings, drug trafficking, extortion of individuals and businesses, obstructed justice and sent dues and the proceeds of criminal activity by wire transfer to MS-13 leaders in El Salvador. For example, this Office's Long Island Criminal Division has prosecuted hundreds of MS-13 leaders, members, and associates for carrying out more than 70 murders in the Eastern District of New York between 2009 and the present.

During his membership and leadership roles with MS-13, JANDRES-PARADA has amassed a significant criminal history in both the United States and El Salvador. More specifically, JANDRES-PARADA has been convicted of: (1) Transporting and Selling Narcotics in Los Angeles, California (1994); (2) Assault with Firearm on Person in Los Angeles, California (1996); (3) Assault in El Salvador (2011); (4) Illegal Reentry After Deportation for Aggravated Felony in Texas (2013); and (5) Illicit Association in El Salvador (2015).

As a result of the foregoing charges, JANDRES-PARADA faces up to life imprisonment on Counts One, Two and Four, and 20 years' on Count Three. Further, the government intends to seek the application of the terrorism sentencing enhancement, pursuant to U.S.S.G. § 3A1.4, which will significantly increase JANDRES-PARADA's applicable base offense level, criminal history category, and resulting sentencing guidelines range.

## II.   JANDRES-PARADA Should be Detained Pending Trial

Under the Bail Reform Act, Title 18, United States Code, Sections 3141 et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. See 18 U.S.C. § 3142(e)(1) ("no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community"). The Bail Reform Act lists four factors to be considered in the detention analysis: (1) the nature and circumstances of the crimes charged; (2) the history and characteristics of the defendant; (3) the seriousness of the danger posed by the defendant's release; and (4) the evidence of the defendant's guilt. 18 U.S.C. § 3142(g). These factors all warrant detention of JANDRES-PARADA.[2]

The serious nature and circumstances of the offenses charged against JANDRES-PARADA and the other Defendants – including Conspiracy to Provide or Conceal Material Support to Terrorists; Conspiracy to Commit Acts of Terrorism Transcending National Boundaries; Conspiracy to Finance Terrorism; and Narco-Terrorism Conspiracy – is self-evident. JANDRES-PARADA is one of the highest-ranking leaders of the MS-13, a transnational criminal organization with members located throughout the United States and Central America. His leadership role in the MS-13 will be demonstrated by overwhelming evidence, including, without limitation, testimony of numerous former members of the MS-13. JANDRES-PARADA, in collaboration with co-defendants in this and other United States indictments, agreed that the MS-13 should be a political power in El Salvador, and that they should use the murder of innocent

---

[2] While this detention letter focuses on JANDRES-PARADA, the reasons for detention would apply to equal force to all of the Defendants.

3

civilians, rival gang members, and law enforcement officials to force the GOES to bend to their demands. The evidence will establish that these Defendants have authorized and directed terrorism by, inter alia: engaging in campaigns of violence to influence GOES policy and to obtain benefits and concessions from the GOES; targeting GOES law enforcement and military officials; employing terrorist tactics such as the use of Improvised Explosive Devices ("IEDs") and grenades; operating military-style training camps for firearms and explosives; using public displays of violence to intimidate civilian populations; using violence to obtain and control territory; and influencing the electoral process in El Salvador.

Further, JANDRES-PARADA and his co-conspirators have authorized and effectuated violence in the United States as part of a concerted effort to expand its influence and control territory in the United States, El Salvador, Mexico, and elsewhere. As leaders of a transnational criminal organization that exists primarily to use violence to increase the power of the organization, these MS-13 leaders were an integral part of the leadership chain responsible for supervising the actions of cliques in the United States that engaged in this violence, and thus are responsible for the deaths of scores of persons in the United States. A full count of the number of deaths in the United States caused by MS-13 is impossible, as victims of their violence include undocumented immigrants whose bodies have never been recovered. But, as an example, the Long Island Criminal Division of the Eastern District of New York, where this case is charged, has prosecuted more than 70 murders committed by MS-13 between 2009 and the present. Many of these victims were rival gang members (or innocent individuals incorrectly suspected of being rival gang members), MS-13 members suspected of cooperating with law enforcement authorities, and/or minors.

As further alleged in the Indictment, drug trafficking was an important part of MS-13's money-making operation, especially in Mexico. JANDRES-PARADA and his co-conspirators used MS-13's large membership in the United States to engage in criminal activities, such as drug trafficking and extortion to raise money to support MS-13's terrorist activities in El Salvador, and effectuated violence, including murders, in the United States, as part of a concerted effort to expand its influence and control territory. As leaders of the *Ranfla Nacional*, JANDRES-PARADA and his co-conspirators spearheaded MS-13's efforts to forge alliances with Mexican cartels to increase MS-13's capacity to conduct narcotics trafficking, immigrant smuggling, and weapons trafficking.

Pursuant to 18 U.S.C. § 3142(e)(3), there is a presumption of detention in this case based on the charged offenses. In pertinent part, that section of the law reads:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
>
> (B) an offense under section 924(c), 956(a), or 2332b of this title;

4

(C) an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed[.]

As set forth above, JANDRES-PARADA has been indicted by a Grand Jury in the Eastern District of New York for four terrorism offenses: Conspiracy to Provide or Conceal Material Support to Terrorists; Conspiracy to Commit Acts of Terrorism Transcending National Boundaries; Conspiracy to Finance Terrorism; and Narco-terrorism Conspiracy. Thus, there is a rebuttable presumption that there is no condition or combination of conditions that will reasonably assure the appearance of JANDRES-PARADA and the safety of the community.

Still further, the government's evidence against JANDRES-PARADA and the other Defendants is overwhelming and includes, without limitation: (1) the testimony of more than a dozen cooperating defendants, who are former members of the MS-13, have pled guilty to their crimes, including racketeering, murder, attempted murder, assault and narcotics trafficking, in connection with their own membership in the MS-13, and confidential informants, who have provided a wealth of information regarding the Defendants' participation in the charged offenses and other violent crimes on behalf of the MS-13; (2) recorded or intercepted phone calls collected both in the United States and by way of Mutual Legal Assistance Treaty materials provided by Salvadoran authorities; (3) consensually recorded phone calls, text messages and voice messages from cooperating defendants and confidential informants with the Defendants and other MS-13 leaders; (4) photographs, text messages, voice messages, and other materials recovered from the cellular telephones of Defendants and cooperating defendants, further establishing the defendants' membership in the MS-13 and participation in the charged crimes; (5) seized weapons and photographs of same, including firearms, grenades, knives, machetes, explosives, and IEDs; (6) narcotics and photographs of same from seizures and controlled purchases; (7) seized *wilas* (messages sent to and from incarcerated MS-13 leaders and leaders on the street or in other prisons); (8) the testimony of law enforcement officers from the United States, El Salvador, Mexico and elsewhere, including expert witnesses regarding MS-13; (9) surveillance photographs and videos; (10) financial ledgers and money transfer records; and (11) admissions made by one or more of the Defendants to law enforcement officers. Considering the strength of the evidence in this case, and the substantial term of incarceration JANDRES-PARADA faces, he poses a serious risk of flight, because there is a strong incentive for him to flee rather than be convicted of these crimes.

This risk is substantially increased by the fact that the MS-13, a transnational criminal enterprise with chapters throughout the United States and Central America, and international headquarters in El Salvador, frequently assists its members in relocating to evade capture and prosecution. This is especially concerning considering the allegations in this Indictment that MS-13 has created a refuge in Mexico to protect these Defendants, including JANDRES-PARADA, from prosecution and allow them to run the day-to-day operations of the gang from the relative safety of a third country. Moreover, there is no clearer evidence of JANDRES-PARADA's risk of flight than the fact that, despite law enforcement's extensive, international efforts to locate and arrest him, he remained a fugitive for more than three years after the indictment was unsealed, until he finally was apprehended in Mexico.

Thus, if JANDRES-PARADA was released, there is a significant risk of flight, in addition to the obvious danger he would present to the community.

Finally, as set forth above, JANDRES-PARADA has an extensive criminal history in both the United States and El Salvador, including serious convictions for narcotics trafficking, assault with a firearm on a person, assault and illicit association. Moreover, JANDRES-PARADA is a citizen of El Salvador, has no legal status in the United States, has previously been deported from the United States to El Salvador, and almost certainly will be removed again from this country, if convicted of any of the charges in this case, which further heightens his risk of flight.

### III.    Conclusion

Based on the factors set forth in Sections 3142(e) and (g), including the extremely serious nature of the charges, the overwhelming evidence, and JANDRES-PARADA's leadership role over the MS-13 and significant criminal history, the government respectfully submits that he presents both a danger to the community and a risk of flight. Thus, the government respectfully requests that a permanent order of detention be entered for JANDRES-PARADA, and that he be removed to the Eastern District of New York in custody.

Respectfully submitted,

BREON PEACE
United States Attorney

By: _____
John J. Durham
Assistant U.S. Attorney
(631) 715-7851

cc:   James Branden, Esq. (By Email and ECF)
      Clerk of the Court (JMA) (By ECF)